STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**
November 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**MIKE WALKER,**
**Claimant Below, Petitioner**

**vs.)  No. 12-0157** (BOR Appeal No. 2046118)
                    (Claim No. 2011010893)

**FORTUNE BRANDS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Mike Walker, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Fortune Brands, by Aimee Stern, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 10, 2012, in which the Board reversed in part and affirmed in part a June 10, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's June 4, 2010, decision which authorized an MRI and denied a request for an EMG. The Office of Judges modified a July 16, 2010, claims administrator's decision which held the claim compensable for only a lumbar sprain, and denied temporary total disability benefits. The Office of Judges also reversed a July 16, 2010, claims administrator's decision which denied a request for neurosurgical consultation. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Mr. Walker was working for Fortune Brands when he injured his lumbar spine while loading windows on April 30, 2010. Mr. Walker has been treated by Dr. Folwell, who requested

1

that the claim be held compensable for lumbar sprain, nerve root radiculopathy, and disc displacement/derangement. Dr. Folwell also requested temporary total disability benefits, an MRI, an EMG, and a neurosurgical consult. On June 4, 2010, the claims administrator denied a request for an EMG, and authorized an MRI. On July 16, 2010, the claims administrator held the claim compensable for only a lumbar sprain, and denied temporary total disability benefits because Mr. Walker only missed three days of work. The claims administrator also denied a request for a consultation with neurosurgery on July 16, 2010. The Office of Judges modified the June 4, 2010, decision and authorized an EMG; modified the July 16, 2010, decision and held the claim compensable for lumbar sprain, nerve root radiculopathy, and disc displacement/derangement, and granted temporary total disability benefits from April 30, 2010, through March 9, 2011, and thereafter as substantiated by proper medical evidence; and reversed the July 16, 2010, decision, and authorized a neurosurgery consult.

The Board of Review reversed in part and affirmed in part the Office of Judges' Order, and held that the claim should not be compensable for disc displacement/derangement, that Mr. Walker was not entitled to an EMG or neurosurgical consult, and that he was entitled to temporary total disability benefits through October 25, 2010. On appeal, Mr. Walker argues that the evidence establishes that the Office of Judges' Order was correct and should be reinstated in its entirety. We agree. The Board of Review relied on Dr. Mir's October 25, 2010, evaluation to find that the claim was not compensable for disc displacement/derangement, deny an EMG and neurosurgery consult, and grant temporary total disability benefits through only October 25, 2010. Dr. Mir found that Mr. Walker's disc displacement/derangement was due to preexisting degenerative disc disease, and not the compensable injury. He also found that Mr. Walker needed no further treatment, and had reached maximum medical improvement.

The Office of Judges concluded that the preponderance of the evidence established that the claim should be held compensable for lumbar sprain, nerve root radiculopathy, and disc displacement/derangement. It noted that Dr. Mir focused on the fact that Mr. Walker checked that he had a history of back pain in 2005. However, as the Office of Judges noted, the reference in medical records to a history of back pain was nonspecific, and the record establishes that Mr. Walker received chiropractic treatment to his neck, but not his lumbar spine. Further, the Office of Judges noted that while it was undisputed that Mr. Walker suffers from degenerative changes, he was asymptomatic prior to the compensable injury on April 30, 2010. Thus, the record establishes that the compensable injury resulted in a lumbar sprain, nerve root radiculopathy, and disc displacement/derangement.

The Office of Judges further concluded that an EMG and neurosurgical consult were reasonably required and medically related to the treatment of the compensable injury. It noted that Mr. Walker persistently had radiculopathy and other problems attributable to nerve root impingement, and would benefit from a consultation with a neurosurgeon. Finally, the Office of Judges concluded that the evidence established that Mr. Walker remained temporarily and totally disabled through at least March 9, 2011. We agree with the reasoning and conclusions of the Office of Judges.

2

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to reinstate the June 6, 2011, Office of Judges' Order.

Reversed and Remanded.

**ISSUED:   November 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II